Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
GILES HARRISON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILES HARRISON,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>PAUL PIERCE,<br><br>　　　　*Defendant*. | Case No. 2:26-cv-00829<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

Plaintiff Giles Harrison, for his Complaint against defendant Paul Pierce, alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

2. Plaintiff Giles Harrison has been a freelance photographer for 30 years. Often through global premier celebrity news and photo agencies, Mr. Harrison provides the world's news outlets with real-time content about celebrities such as the defendant. He licenses photographs to leading magazines, newspapers, and editorial clients throughout the world.

3.      Mr. Harrison is domiciled in the State of California and resides in Los Angeles.

4.      Defendant Paul Pierce is a well-known former professional basketball player, having played for 19 years in the National Basketball Association, predominantly with the Boston Celtics. He retired from the NBA in 2017 and works as a basketball analyst for sports media talk shows.

5.      On information and belief, Mr. Pierce is domiciled in the State of California and resides in the Woodland Hills neighborhood of Los Angeles.

6.      On information and belief, Mr. Pierce owns, operates, or is responsible for the content of the social media account @paulpierce on Instagram.

7.      The Court has personal jurisdiction over Mr. Pierce because he is domiciled in California and resides in this judicial district.

8.      Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

9.      In May 2025, Mr. Pierce famously walked 20 miles in a bathrobe from his home to the Fox Sports 1 studio in Century City after he lost a bet that the Boston Celtics would beat the New York Knicks in the NBA playoffs.

10.     Mr. Harrison owns and holds the copyright in two photographic images depicting Mr. Pierce walking in his bathrobe that day (the "Images").

11.     Within 90 days of first publication, the Images were registered with the U.S. Copyright Office as Reg. No. VA 2-464-932 (eff. Aug. 6, 2025).

12.     Mr. Pierce used the Images for his own purposes without contacting Mr. Pierce or seeking a license.

13.     Specifically, on or around May 9, 2025—the day after the walk—defendant or his agents copied the Images from unknown sources, stored the Images on a server, and displayed the Images by posting them to Instagram on the @paulpierce account, making them immediately available to his 1 million followers.

14. The Images were used to promote Mr. Pierce's personal brand, boost user engagement, increase shareability, and lend credibility to his branded content—each of which enhanced the growth, reach, and perceived authority of Mr. Pierce's digital presence. Mr. Pierce's unauthorized use of the Images is therefore commercial in nature, intended for the purpose of self-promotion.

15. Indeed, on information and belief, defendant knew that because of the Images' depiction of him, users would be attracted to view the Images and thus more likely to subscribe and follow his social media accounts and engage with and share the content, thus enhancing his reach and online influence.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

16. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

17. Plaintiff is the copyright owner of the protected Images named above in this Complaint.

18. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

19. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

20. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyright of the above-referenced work in accordance with 17 U.S.C § 408.

21. Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

22. Having timely registered his copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered.

23. Plaintiff alleges, on information and belief, that defendant's actions were intentional or in reckless disregard of plaintiff's copyright, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

24. In the alternative, plaintiff is entitled to recovery of his actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

25. Within the time permitted by law, plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

26. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with her from further copying or displaying the Images;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiff's copyright—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

COMPLAINT

1    F.    For reasonable attorney fees;

2    G.    For court costs, expert witness fees, and all other costs authorized under

3    law;

4    H.    For such other and further relief as the Court deems just and proper.

5                           **JURY TRIAL DEMAND**

6    Plaintiff demands a trial by jury of all issues permitted by law.

7

8    Dated: January 27, 2026        Respectfully submitted,

9                                   **PERKOWSKI LEGAL, PC**

10

11                                  By:   /s/ Peter Perkowski

                                    Peter E. Perkowski
12
                                    Attorneys for Plaintiff
13                                  GILES HARRISON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28